## UNITED STATES v. HART.

*(Circuit Court, W. D. Tennessee.* ———, 1880.)

1. SUCCESSION TAX—CONSTRUCTION OF A DEED—ADEQUATE CONSIDERATION.—A deed from a mother to her sons conveying land " for and in consideration of love and affection, and the further consideration of the assistance they have rendered me since the death of my husband," is not a deed of gift made without valuable and adequate consideration, so that the grantees take a succession subject to a tax, within the meaning of the act of June 30, 1864. Section 132, 13 St. 288.

*W. W. Murray,* for plaintiff.
*Harris & Turley,* for defendant.

HAMMOND, D. J. This case is submitted for the construction of a deed from Nancy Boon to her sons, whereby she conveys to them a tract of land "for and in consideration of the love and affection that I have for my sons, and the further consideration of the assistance they have rendered me since the death of my husband." There is no proof obtainable of the character of the assistance rendered by the sons, nor of the extent of it, but it is agreed by the parties that if the deed on the face of it imports a deed of gift without valuable and adequate consideration, the grantees took a succession liable to the tax imposed by the internal revenue act of June 30, 1864, (13 St. 288,) and the United States is entitled to recover the land in this action of ejectment against the defendant in possession.

The succession tax cannot be defeated by reciting a nominal consideration which would be deemed valuable in the technical sense of that term, for the act of congress says the consideration must not only be valuable but *adequate.* Chancellor Kent says that notwithstanding the high moral obligation of a child to support a parent, there is no legal obligation to do it. 2 Kent. 208. And while it is true that the law implies no promise on the part of the parent to pay for necessaries, and in the absence of a contract to do so will not presume one, there is no doubt that such a contract may be a valuable and adequate consideration to support a deed of bargain and sale. *Lynn* v. *Lynn*, 29 Pa. St. 369; *Keeler* v. *Baker*, 1 Heisk. 639.

I think it is plain, from the recital of this deed, that there was some other consideration than bare love and affection, and, in the absence of proof to the contrary, the recital of it imports that it was, in the sense of the law, sufficiently valuable and adequate to take the case out of the category of a deed of gift. If the recital of the further consideration appeared on the face of it to be *nominal* only, the ruling would be otherwise; but it does not so appear. The assistance may have been of a kind which would find no adequate compensation in the transfer of this land, or it may have been very slight. The grantor seems to have appreciated it, and, in the

absence of exact knowledge, we cannot say that it was only nominal, or only necessaries for which she was not bound to pay.

Judgment for the defendant.